```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION
```

RICHARD LARRY KELLY,            )
                                )
Plaintiff,                      )
                                )
vs.                             )      NO. 3:13-CV-924
                                )
MD MIKE MITCHEFF,               )
                                )
Defendant.                      )

## OPINION AND ORDER

This matter is before the Court on the complaint filed pursuant to 42 U.S.C. § 1983 by Richard Larry Kelly, a *pro se* prisoner, on September 3, 2013. For the reasons set forth below, the Court: (1) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his individual capacity, for compensatory damages, for denying him access to pain medication in violation of the Eighth Amendment; (2) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his official capacity, for injunctive relief to obtain medically reasonable treatment for his pain; (3) **DISMISSES** all other claims; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Dr. Mike Mitcheff to the United States Marshals Service along with a copy of the complaint and this order; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Mike Mitcheff; and (6) **ORDERS**, pursuant to 42 U.S.C. §

1997e(g)(2), that Dr. Mike Mitcheff respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Kelly alleges that Dr. Mike Mitcheff is preventing him from obtaining the pain medication that he needs by various administrative means: refusing to permit the delivery of some medications, the use of a formulary, requiring secondary review of his medical treatment, limiting the cost of care, not permitting specialist treatments, and denying him access to alternate housing. He seeks compensatory damages. He also seeks injunctive relief requiring treatment of his pain, moving him to a different housing unit, and compelling that he be taken to a neurologist to receive a specific course of treatment.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403

(7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Here, giving Kelly the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Dr. Mitcheff for denying him access to needed pain medication and he will be permitted to proceed on a claim for compensatory damages and injunctive relief to obtain medically reasonable treatment for his pain. However, a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Therefore he may not proceed on a claim for injunctive relief to be seen by a neurologist to receive a specific course of treatment. Moreover, prison administrators are afforded wide-ranging deference in managing prisons and deciding where to house inmates, *see Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) and *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Therefore he may not proceed on an injunctive relief claim requiring that he be moved to a different housing unit. That is to say, if Kelly can demonstrate that the pain treatment he is receiving is a substantial departure from accepted professional judgment, practice, or standards; then the proper injunctive remedy would be to require that he get medically reasonable treatment, not to specify what treatment, who would provides it, or here it is provided.

CONCLUSION

For the reasons set forth above, the court: (1) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his individual capacity, for compensatory damages, for denying him access to pain medication in violation of the Eighth Amendment; (2) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his official capacity, for injunctive relief to obtain medically reasonable treatment for his pain; (3) **DISMISSES** all other claims; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Dr. Mike Mitcheff to the United States Marshals Service

along with a copy of the complaint and this order; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Mike Mitcheff; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Mike Mitcheff respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: September 26, 2013**          **/s/RUDY LOZANO, Judge**
                                        **United States District Court**