IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD LARRY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:13-CV-924 |
| | ) |
| MD MIKE MITCHEFF, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the amended complaint filed pursuant to 42 U.S.C. § 1983 by Richard Larry Kelly, a *pro se* prisoner, on April 9, 2014. For the reasons set forth below, the court: (1) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his individual capacity, for compensatory damages, for enforcing seven policies which caused his treating physicians to provide him with medical treatment in violation of the Eighth Amendment; (2) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his official capacity, for injunctive relief to obtain medical treatment consistent with the Eighth Amendment; and (3) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Mike Mitcheff respond to the amended complaint (DE 52), as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Kelly alleges that Dr. Mitcheff, as the Regional Medical Director of Corizon Medical Services, is violating the Eighth Amendment by denying him medical care through the enforcement of seven policies:

1. Use of (only) A&C dose medication, "supplying pain meds only twice daily."
2. Use of formulary medications.
3. Use of (approved care system) by secondary physician.
4. Denial of immediate access to specialist appointments once prescribed.
5. Denial of long term care due to financial cost of care.
6. Denial to provide appropriate climate controlled living area.
7. Denial of treatment ordered/suggested by specialist.

(DE 52 at 3.) He is seeking monetary damages and a permanent injunction.


DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Kelly states that the seven policies apply to all prisoners. However, he may not bring a claim on behalf of anyone else. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); and *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Rather, he may only bring claims based on Dr. Mitcheff's denial of medical treatment to him.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate

indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Though is it clear that Kelly disagrees with the medical treatment he has received, a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Dr. Mitcheff is not Kelly's treating physician. Therefore Kelly only states a claim for those instances where Dr. Mitcheff knew that his enforcement of one of the seven policies prevented Kelly's treating physician from providing Kelly with medical care

as required by the Eighth Amendment. That is to say, his treating physicians must have provided medical care that was such a substantial departure from accepted professional judgment, practice, or standards that it was not based on their professional judgments, but rather was because of Dr. Mitcheff's enforcement of one of the seven policies. Put another way, unless Kelly can prove that the medical care provided by his treating physicians violated the Eighth Amendment, and that Dr. Mitcheff knew that his enforcement of one of these seven policies made them provide that unconstitutional medical care, Kelly will not be able to prevail on his compensatory damages claim against Dr. Mitcheff. Nevertheless, within those limits, Kelly has stated a claim against Dr. Mitcheff in his individual capacity for compensatory damages.

So too, unless Kelly can prove that his current medical treatment violates the Eighth Amendment for the same reasons, he will not be able to prevail on his injunctive relief claim. Moreover, if injunctive relief were granted, it would only require treatment within the requirements of the Eighth Amendment. It would not not prescribe any specific course of treatment by any specific physician in any particular location.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces

> a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Nevertheless, within those limits, Kelly has stated a claim against Dr. Mitcheff in his official capacity for injunctive relief.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his individual capacity, for compensatory damages, for enforcing seven policies which caused his treating physicians to provide him with medical treatment in violation of the Eighth Amendment; (2) **GRANTS** Richard Larry Kelly leave to proceed against Dr. Mike Mitcheff in his official capacity, for injunctive relief to obtain medical treatment consistent with the Eighth Amendment; and (3) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Mike Mitcheff respond to the amended complaint (DE 52), as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: February 18, 2015**

                                        **/s/RUDY LOZANO, Judge**
                                        United State District Court